IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VEIL DOUGLASS,

        Petitioner,

v.                                          CIVIL ACTION NO. 5:10cv131
                                            (Judge Stamp)

HARLEY LAPPIN and
KUMA DEBOO, Warden

        Respondents[1].

**OPINION/REPORT AND RECOMMENDATION**

**I. BACKGROUND**

On December 7, 2010, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that the convictions relied upon to charge him as an armed career criminal no longer qualify as predicate convictions. For relief, the petitioner requests that his judgment be vacated. On February 25 2011, the petitioner paid the $5.00 filing fee. On March 2, 2011, the respondent was ordered to show cause why the petition should not be granted. On June 6, 2011, the respondent filed a Motion to Dismiss, Motion for Summary Judgment, or Alternatively, Motion to

---

[1] Title 28 U.S.C. § 2241 states in pertinent part that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "A court . . . entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. The writ, or order to show cause shall be directed to the person *having custody of the person detained*. Id. (Emphasis added). Therefore, in a § 2241 habeas corpus case, the only proper party respondent is the Warden of the institution in which the petitioner is incarcerated. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

1

Transfer Case. On June 17, 2011, a Roseboro Notice was issued, and on July 11, 2011, the petitioner filed a reply.

## II. <u>PROCEDURAL HISTORY</u>

On November 4, 2004, a single count indictment was filed against the petitioner in the United States District Court for the District of Illinois charging him with being a felon in possession of a firearm which had been transported in interstate commerce. (Dckt. 21-3) The petitioner pleaded not guilty and was subsequently found guilty following a jury trial. (Dckts. 21-4, 21-5) On May 27, 2005, the petitioner was sentenced to 210 months of imprisonment, 5 years supervised release and a $100 special assessment. (Dckt. 21-6) On June 1, 2005, the Honorable Jeanne E. Scott, United States District Judge, entered an Order documenting the calculation of the petitioner's sentence. Judge Scott determined that the petitioner qualified as an armed career criminal under 18 U.S.C. § 924(e)(1) due to his prior convictions for robbery, voluntary manslaughter, and battery, which all included the use of force as an element of the offense. (Dckt. 21-7, p. 2) The petitioner filed a timely notice of appeal. In his appeal, the petitioner argued that the District Court erred when it denied his motion to suppress. In addition, he argued that an investigatory detention was initiated without a reasonable suspicion. On October 30, 2006, the Seventh Circuit Court of Appeals rejected the petitioner's argument and affirmed his conviction.(Dckt. 20-11)

On November 19, 2007, the petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his petition, he raised four separate arguments, all relating to his status as an Armed Career Criminal. First, he contended that he received ineffective assistance of counsel at the trial level because his attorney failed to investigate his prior convictions used to trigger the armed career criminal enhancement. Second, he argued that his sentence violated his Fifth Amendment right to due process because "the Armed Career Criminal enhancement under § 4B1.4 required three (3) predicate prior convictions and one of the priors used against him was

2

non-qualifying, Third, he argued that the government's failure to allege his prior convictions in the indictment violated the Sixth Amendment and United States v. Booker. Finally, he asserted that his appellate counsel's failure to raise these issues on appeal constituted ineffective assistance of counsel. On June 11, 2009, the District Court entered an Order denying the petitioner's §2255 motion. In renderings its decision, the Court engaged in a detailed analysis of the petitioner's prior felony convictions and specifically found that the 1993 conviction stemming from the August 1993 battery charge did qualify as a violent felony under the Armed Career Criminal Act, ("ACCA"). Thereafter, the petitioner filed the instant Section 2241 petition.

### III. ISSUES PRESENTED

#### A. The Petition

The petitioner alleges that the District Court illegally applied the ACCA when it found that his two prior convictions for battery could serve as qualifying predicate offenses to enhance his sentence to 210 months. In addition, the petitioner alleges that his manslaughter conviction does not qualify as a predicate offense for purposes of the ACCA because his civil rights have been restored by the State of Illinois. For relief, the petitioner seeks an order vacating his judgment.

#### B. The Response

The respondent contends that the petitioner's claims do not merit relief under Section 2241. Therefore, he has moved to dismiss or for summary judgment. However, in the event that the Court finds that the petitioner is entitled to further relief, he argues that this case should be transferred to the United States District Court for the Central District of Illinois.

#### C. The Reply

The petitioner maintains that the decision in Johnson v. United States, discussed more fully below, is a substantive decision that applies retroactively. The petitioner then sets forth his reasoning why his conviction for battery is not a crime of violence and is therefore not a predicate offense for

purposes of the ACCA. The petitioner also argues that none of his prior convictions can be considered as crimes of violence in light of Johnson.

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state

4

a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If

the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

## V. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004; see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his conviction and sentence rather than the means of execution. Accordingly, this is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise

6

the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 1194.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

For the reasons discussed more fully below, the undersigned is of the opinion that the petitioner has failed to satisfy the three-prong test announced in Jones, and the instant petition should be denied.

In support of his petition, the petitioner argues that two of his predicate convictions, robbery and manslaughter, do not qualify as predicate convictions under the ACCA due to the restoration of his civil rights by operation of Illinois State Law, 730 ILCS 5/5-5-5, upon completion of his sentence.[2]

---

[2]In pertinent part, this statute provides as follows:

> (a) Conviction and disposition shall not entail the loss by the defendant of any civil rights, except under this Section and Section 29-6 and 29-10 of the Election Code, as now or hereafter amended.
>
> (b) A person convicted of a felony shall be ineligible to hold an office created by the Constitution of this State until the completion of his sentence;
>
> (c) A person sentenced to imprisonment shall lose his right to vote until released from imprisonment

7

However, the petitioner fails to acknowledge that although the Illinois Code Automatically restores a criminal defendant's civil rights upon completion of his sentence, the Code also contains a separate provision prohibiting the possession of a firearm by a convicted felon. 270 ILCS 5/24-1.1. (Dckt. 20-2)

The petitioner further relies upon the Court's holding in Buchmeier v. U.S., 581 F.3d 561 (7th Cir. 2009), his argumentt that the two Illinois convictions cannot be used a predicate offenses under the ACCA. In Buchmeier, the petitioner was sentenced as an armed career criminal for four firearm convictions. After his conviction was affirmed on direct appeal, Buchmeier filed a § 2255 motion challenging his sentence under the ACCA. His § 2255 motion was denied. On appeal Buchmeier argued that the notice he received from the Illinois Department of Corrections upon the completion of his state sentence restored his civil rights but did not warn that he was not allowed to possess firearms, thus, those convictions do not count because of 18 U.S.C. § 921(a)(2) which states "...Any conviction...for which a person...has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such...restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." The Seventh Circuit ruled that because "the state sent Buchmeier a document stating that his principal civil rights had been restored, while neglecting to mention the continuing firearms disability, the final sentence of § 921(a)(20) means that his burglary convictions do not count for federal purposes." Buchmeier at 567.

---

> (d) On completion of sentence of imprisonment or upon discharge from probation, conditional discharge or periodic imprisonment, or at any time thereafter, all license rights and privileges granted under the authority of this State which have been revoked or suspended because of conviction of an offense shall be restored unless the authority having jurisdiction of such license rights finds after investigation and hearing that restoration is not in the public interest....

(Dckt. 20-1).

The petitioner argues that because the ruling in Buchmeier came many years after his sentencing, it was unavailable for his § 2255 petition. Therefore, it would appear that the petitioner is attempting to invoke the savings clause of 2241. However, Buchmeier did not change the substantive law of the Seventh Circuit. In fact, the "express" notice provision was adopted by the Seventh Circuit as early as 1994. See United States v. Glaser, 14 F.3d 1213 (7th Cir. 1994).³ Accordingly, the petitioner could have argued the "express" notice requirement in his appeal and his § 2255 but failed to do so.

The petitioner also raises the argument that his prior battery charges in Maryland were not violent felonies and could not be used as predicate convictions under the ACCA. The petitioner raised this same argument in his § 2255 motion. However, the petitioner now relies on the Supreme Court's decision in Johnson v. U.S., 130 S.Ct. 1265 (2010, in which the Court found that Johnson's "prior battery conviction under Florida law was not a violent felony under the ACCA." However, the Court's decision cannot be read as a blanket prohibition regarding battery convictions as constituting a violent felony for purposes of the ACCA. Rather, the Court specifically noted that "[w]hen the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some which do not, the 'modified categorical approach' permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record - including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law and verdict forms." Id. n.7 at 1269 (internal citations omitted).

The Maryland statute under which the petitioner was convicted for battery "presents the unusual

---

³In fact, the Buchmeir decision noted the split among the circuits as to whether a reservation in a corner of the state's penal code regarding possession of a firearm by a convicted felon can be the basis of a federal prosecution. After acknowledging the split, the majority opinion in Buchmeier continued the Seventh Circuits prohibition against what it refers to as "mouse-trapping."

9

situation in which an offense may be committed in several ways - some of which require the use, attempted use, or threatened use of physical force and some which do not." U.S. v. Simms, 441 F.3d 313, 315 (4th Cir. 2006). In apparent recognition of that fact, in addressing the petitioner's § 2255 motion, the District Court for the Central District of Illinois entered an Order on April 20, 2009, directing the government to file "an affidavit from the Probation Office discussing the materials on which the Probation Office relied in preparing [Paragraph] 38 of the petitioner's PSR in the underlying criminal case." (Dckt. 21-12, p. 1). In addition the government was directed to attach as exhibits to the affidavit the materials relied upon by the Probation Office. The government complied on May 6, 2009. Having received the materials ordered, the District Judge then undertook an extensive explanation of why the petitioner's first battery conviction in Maryland was for a violent offense. As noted by the Court's opinion, "'according to information received from the U.S. Probation Office, District of Maryland, Baltimore, Maryland,' this conviction arose from an incident in which [the petitioner] threw a beer bottle at a woman striking her in the head and causing her to seek medical attention." (Dckt. 20-18, p. 10). Moreover, the charging document included the statement: "It is formally charged that the defendant...did make an assault upon and did batter Linda Hawthorne with a beer bottle in Balt. City,St of MD." Id. at 11. Accordingly, the Court concluded that the petitioner's first Maryland battery conviction was for a violent crime, and coupled that with his Illinois convictions for robbery and voluntary manslaughter to conclude that he did have the necessary qualifying offenses under the ACCA. Nothing in that decision violates the ruling in Johnson.

Therefore, for the reasons stated above, the undersigned is of the opinion that the petitioner has failed to satisfy the three-prong test announced in In reJones, supra. Accordingly, the petitioner has failed to establish that § 2255 is an inadequate or ineffective remedy y, and he has improperly filed a § 2241 petition.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion (Dckt. 19) be **GRANTED** insofar as it seeks summary judgment and **DENIED** insofar as it seeks alternatively a transfer to the sentencing court. The undersigned further recommend that the petitioner's Petition for Writ of Habeas Corpus be **DENIED**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last know address as reflected on the docket sheet and provide a copy to counsel of record by electronic means.

DATED: 4 August 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE