IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VEIL DOUGLASS,

        Petitioner,

v.                                   Civil Action No. 5:10CV131
                                                      (STAMP)
HARLEY LAPPIN and
KUMA DEBOO, Warden

        Respondents.


                **MEMORANDUM OPINION AND ORDER**
                **AFFIRMING AND ADOPTING REPORT AND**
                **RECOMMENDATION OF MAGISTRATE JUDGE**

                        I.  Background

     On December 7, 2010, Veil Douglass ("Douglass") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the District of Illinois, which was based upon that court's determination that the Douglass qualified as an armed career criminal as defined by 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act ("ACCA").  The petitioner was sentenced to 210 months imprisonment, to be followed by five years of supervised release for a conviction of being a felon in possession of a firearm after his armed career criminal status raised his offense level under the United States Sentencing Guidelines from a base level of 24 to a

---

        [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

level 33 and placed him in criminal history category VI. The sentencing judge found that the petitioner qualified as an armed career criminal based upon three prior convictions for robbery, voluntary manslaughter, and battery, which all included the use of force as an element of the offense. At the sentencing hearing, neither the defendant nor his counsel objected to the presentence report's findings that these offenses qualified the defendant for sentencing enhancements under the ACCA.

Following his sentencing, the defendant appealed, pointing to errors not relevant to the instant petition, and was denied appellate relief. He then filed a motion under 28 U.S.C. § 2255, which raised four arguments, all of which related to his status as a career criminal. First, he argued ineffective assistance of counsel by his trial attorney for his failure to investigate the offenses used a predicate for his career criminal enhancement. Second, he argued that his Fifth Amendment due process rights were violated by his sentence because the priors used against him did not qualify as "violent felonies" under the ACCA. Third, he claimed that the government did not allege his prior convictions in his indictment and that this violated the Sixth Amendment rights and <u>United States v. Booker</u>, 543 U.S. 220 (2005). Finally, he pointed to ineffective assistance of counsel on the part of his appellate counsel because he failed to raise the issue of his classification as an armed career criminal as error on appeal. The

district court denied this § 2255 motion in an opinion which copiously outlined the petitioner's prior convictions which were used as predicate offenses, and found that each qualified as such under the ACCA.

The petitioner then filed the instant § 2241 petition, raising similar arguments to those raised in his § 2255 motion, but focusing on the sentencing court's alleged error in including two prior battery convictions in the State of Maryland as predicate offenses to qualify him for the enhancement.  He also alleges that his manslaughter conviction does not qualify as a predicate offense for purposes of the ACCA because his civil rights have been restored by the State of Illinois.

This petition was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.  After a preliminary review, the magistrate judge ordered the respondents to show cause why the petition should not be granted, to which the respondents responded with a motion to dismiss, motion for summary judgment, or alternatively, motion to transfer case.  The petitioner responded to the motion following the issuance of a Roseboro[2] notice, and Magistrate Judge Kaull entered a report

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought.

The petitioner timely filed objections reiterating his previous contentions regarding the qualification of his previous Maryland battery convictions as violent felonies.  His objections focused primarily upon his position that these convictions were misdemeanors and that he did not serve more than one year of imprisonment, but actually served significantly less than one year imprisonment for each of the convictions.  For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the Magistrate Judge's recommendation will be reviewed de novo.

## III. Discussion

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the

4

validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The magistrate judge found that the petitioner cannot rely upon the "savings clause" in § 2255 which permits certain claims to be brought under § 2241 because the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy.

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of

>   the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000).

In this case, the petitioner has failed to establish the elements required by Jones. The petitioner attempted to satisfy the Jones test by arguing that his civil rights were restored by operation of Illinois law, and thus his manslaughter and robbery convictions cannot serve as predicate offenses. However, as the magistrate judge observed, the Illinois Code, while restoring a criminal defendant's civil rights following his sentence, also contains a separate provision that prohibits the possession of a firearm by a convicted felon. 270 ILCS 5/24-1.1. Further, this Court agrees with the magistrate judge in the conclusion that Buchmeier v. United States, 581 F.3d 561 (7th Cir. 2009), which the petitioner claims changed the law after his previous § 2255 motion, in fact reiterated a longstanding Seventh Circuit requirement of "express notice" of the loss of the right to possess firearms, and thus the Buchmeier argument was indeed available to the petitioner at the time of his § 2255 motion.

Finally, the petitioner claims that his Maryland battery convictions were not violent felonies and that this argument comes out of Johnson v. United States, 130 S. Ct. 1265 (2010), a decision

not available at the time of the petitioner's § 2255 motion. However, this Court also agrees with the magistrate judge's conclusion on this point that <u>Johnson</u> does not stand for a categorical conclusion that all battery convictions do not qualify as violent felonies.  It is also true, as the magistrate judge observed, that Maryland's statute regarding battery allows for both violent and non-violent activity to qualify as a battery in that state.  However, the sentencing judge in the petitioner's case took great pains to ensure that this petitioner's specific offense qualified factually as a violent felony, and eventually concluded that the Mr. Douglass's first battery conviction qualified as such. Therefore, the <u>Johnson</u> ruling does not change the status of this petitioner's Maryland battery charge and the petitioner cannot satisfy the second prong of the <u>Jones</u> test.

## IV. <u>Conclusion</u>

Having reviewed the magistrate judge's report and recommendation <u>de novo</u>, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety.  Accordingly, the respondents' motion is GRANTED insofar as it seeks summary judgment and DENIED insofar as it seeks alternatively a transfer to the sentencing court.  Further, petitioner's petition for writ of habeas corpus  pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 7, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE